IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

DANNEL MAURICE MITCHELL,
# R-07374,

        Plaintiff,

vs.                               Case No. 18-cv-121-DRH

CHAPLAIN HEBERER,
CRAIG FOSTER,
MS. PIERCE,
and MS. HARTER,

        Defendants.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    Plaintiff, currently incarcerated at Western Illinois Correctional Center ("Western"), has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff brings claims based on the denial in December 2015 of his right to worship in the prison chapel with other inmates, while he was incarcerated at Vandalia Correctional Center ("Vandalia").

    Plaintiff seeks leave to proceed *in forma pauperis* ("IFP") in this case. (Doc. 2). Before screening the Complaint under 28 U.S.C. § 1915A, the Court must first address Plaintiff's eligibility for IFP status in this case. 28 U.S.C. § 1914(a). Because Plaintiff is unable to satisfy 28 U.S.C. § 1915(g), the IFP Motion (Doc. 2) shall be **DENIED**.

    Pursuant to 28 U.S.C. § 1915, a federal court may permit a prisoner who is

1

indigent to bring a "suit, action or proceeding, civil or criminal," without prepayment of fees upon presentation of an affidavit stating the prisoner's assets together with "the nature of the action . . . and affiant's belief that the person is entitled to redress."  28 U.S.C. § 1915(a)(1).  In the case of civil actions, a prisoner's affidavit of indigence must be accompanied by "a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint . . . , obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).  If IFP status is granted, a prisoner is assessed an initial partial filing fee according to the formula in 28 U.S.C. § 1915(b)(1)(A)-(B).  Thereafter, a prisoner is required to make monthly payments of 20% of the preceding month's income credited to the prisoner's trust fund account.  *See* 28 U.S.C. § 1915(b)(2).  This monthly payment must be made each time the amount in the account exceeds $10.00 until the filing fee in the case is paid.  *See id*. Importantly, a prisoner incurs the obligation to pay the filing fee for a lawsuit when the lawsuit is filed, and the obligation continues regardless of later developments in the lawsuit, such as denial of leave to proceed IFP or dismissal of the suit.  *See* 28 U.S.C. § 1915(b)(1), (e)(2); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998); *In re Tyler*, 110 F.3d 528, 529-30 (8th Cir. 1997).

      In this case, Plaintiff has tendered an affidavit of indigence stating that he is

without funds to pay the $400.00[1] filing fee for this action. He has provided a trust fund statement from the prison, but it does not contain a full 6 months of account activity. Nonetheless, the Court finds it expedient at this time to review Plaintiff's eligibility to proceed IFP.

Under 28 U.S.C. § 1915,

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

Court documents are, of course, public records of which the Court can take judicial notice. *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994). Review of documents filed in the Public Access to Court Electronic Records ("PACER") system (www.pacer.gov) discloses the following actions brought by Plaintiff during his imprisonment, in which he sought redress from officers or employees of a governmental entity, that have been dismissed pursuant to 28 U.S.C. § 1915A on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: *Mitchell v. Baldwin*, No. 16-cv-0278-NJR (S.D. Ill. dismissed Aug. 9, 2016); *Mitchell v. Lupert*, No. 16-cv-

---

[1] A litigant who is granted IFP status must pay a filing fee of only $350.00, as he is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judicial Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

3

00486-SMY (S.D. Ill. dismissed June 14, 2016);[2] *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill. dismissed Jan. 12, 2017); and *Mitchell v. Gateway Found.*, No. 17-cv-02741 (N.D. Ill. dismissed April 27, 2017). Because Plaintiff has four "strikes" for purposes of § 1915(g), he may not proceed IFP in this case unless he is under imminent danger of serious physical injury.

The United States Court of Appeals for the Seventh Circuit has explained that "imminent danger" within the meaning of 28 U.S.C. § 1915(g) requires a "real and proximate" threat of serious physical injury to a prisoner. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In general, courts "deny leave to proceed IFP when a prisoner's claims of imminent danger are conclusory or ridiculous." *Id.* at 331 (citing *Heimermann v. Litscher*, 337 F.3d 781, 782 (7th Cir. 2003)). Additionally, "[a]llegations of past harm do not suffice" to show imminent danger; rather, "the harm must be imminent or occurring at the time the complaint is filed," and when prisoners "allege only a past injury that has not recurred, courts deny them leave to proceed IFP." *Id.* at 330 (citing *Abdul-Wadood v. Nathan*, 91 F.3d 1023 (7th Cir. 1996)).

The allegations in Plaintiff's Complaint, as well as his motion for leave to proceed IFP, do not support the premise that Plaintiff is under imminent danger of serious physical injury because of the alleged misconduct of the Defendants in

---

[2] The Court did not explicitly state that this dismissal counts as a "strike" for purposes of 28 U.S.C. § 1915(g), but it does. "A dismissal is a dismissal, and provided that it is on one of the grounds specified in section 1915(g) it counts as a strike, whether or not it's with prejudice." *Paul v. Marberry*, 658 F.3d 702, 704 (7th Cir. 2011) (internal citations omitted).

4

this action. He claims that on December 5 and 12, 2015, Vandalia Chaplain Heberer refused to allow him to worship in the prison chapel along with inmates of other religious faiths, because Plaintiff is a Buddhist. (Doc. 1, pp. 7-8). Foster, Pierce, and Harter denied Plaintiff's grievances over the matter. Plaintiff attempts to blame these Defendants for placing him in imminent danger at the present time, by claiming that their actions led to him developing psychological disorders that now place him at risk of suicide. (Doc. 1, p. 6).

Plaintiff's claims against Heberer, Foster, Pierce, and Harter focus on past injuries that allegedly resulted from conduct that occurred in 2015. Past injuries such as these do not support a finding of imminent danger under § 1915(g). *See Ciarpaglini*, 352 F.3d at 330. Moreover, Plaintiff is no longer housed at Vandalia, where these events took place. Instead, he is at Western. Therefore, his current custodians are responsible for addressing his medical and mental health needs, and mitigating any imminent danger that he believes he may face.

Plaintiff's allegations that he is in imminent danger of serious physical injury are as follows:

> Because of defendant's negligence I grossly continue to suffer from P.T.S.D., Major Depression, and anxiety because of the horrid injuries of wanton neglect caused to my person by defendant's. In- which, I am currently taking Rem[e]ron for major depression, bus[p]ar for anxiety, and Pr[a]z[o]sin for nightmares. Defendant's named in this complaint knowingly participated in volunteered negligence, and deliberate indifference /w purposeful intent to harm, and place in danger. Defendant's liable actions has placed me in danger of being suceptible to commit suicide. Therefore, placing me in imminent, irreparable danger of permanent injury. The thought's of suicide plaintiff suffer from caused by defendant's is imminent because of the lack of attention (ignoreing) the relief I seek. The

> defendant's interference /w unconstitutional policies, practices /w act's of injustice caused violations to my inalienable constitutional right's in my vulnerable state has left me hopeless, [and] helpless. I now have no faith in God leaveing me an atheist. I do not see the purpose of my living in a civilized soceity that placed me in the care of state actor's whom has confused me. In, conclusion I am in imminent danger of serious physical injuries, and or irreparable harm to self because of defendant's hateful crimes of negligence. The defendant's purposeful act's of punishment of discrimination has left me in danger!

(Doc. 1, p. 6). Plaintiff submitted virtually the same statement with six other complaints that he filed in this District between January 22, 2018, and February 1, 2018. *See Mitchell v. Dennison*, No. 18-cv-118-DRH (S.D. Ill. Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Wexford Health Care Servs.*, No. 18-cv-119-MJR (S.D. Ill. Jan. 22, 2018) (Doc. 1, p. 7); *Mitchell v. Foster*, No. 18-cv-120-MJR (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 4); *Mitchell v. Pace*, No. 18-cv-00122-MJR (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Baldwin*, No. 18-cv-123-SMY (S.D. Ill. filed Jan. 22, 2018) (Doc. 1, p. 6); *Mitchell v. Jackson-Pearson*, No. 18-cv-158-SMY-DGW (S.D. Ill. Feb. 1, 2018) (Doc. 5, p. 5) (transferred Feb. 2, 2018). None of these complaints address the denial of medical and/or mental health care at Western Illinois, where Plaintiff is currently confined, although the one-page statement focuses on that particular deprivation.

Plaintiff also filed two other lawsuits in this District that focused on medical care claims against officials at Western Illinois. Both cases were transferred to the Central District of Illinois. *Mitchell v. Watson*, No. 18-cv-110-NJR (S.D. Ill. filed Jan. 19, 2018) (transferred Jan. 22, 2018); *Mitchell v. Watson*, No. 18-cv-136-SMY (S.D. Ill. filed Jan. 25, 2018) (transferred Jan. 29, 2018). Although

Plaintiff's claim of imminent danger may support his request for IFP status in one or both of those cases,[3] it is unrelated to the claims he asserts against officials at Vandalia in this action. Plaintiff therefore cannot overcome the three-strikes bar imposed under 28 U.S.C. § 1915(g). Accordingly, the IFP Motion (Doc. 2) shall be **DENIED**.

## Sanctions

The Court observes that Plaintiff is a frequent litigator who has accumulated substantial unpaid filing fees in this District. During the month of January 2018, he filed nine new cases here.[4] Excluding these new cases, the Court found nine other cases that Plaintiff filed in this District in 2016-17.[5] He incurred a $350.00 filing fee for eight of these cases and a $400.00 filing fee for the ninth case. To date, Plaintiff has only paid a small portion of these fees.[6] His unpaid filing fees for the 2016-17 cases now total $3,188.92.

---

[3] This Court takes no position on this issue.

[4] In addition to this case, Plaintiff has filed the following civil rights actions in this District: *Mitchell v. Watson*, No. 18-cv-00110-NJR (S.D. Ill. filed Jan. 19, 2018); *Mitchell v. Dennison*, No. 18-cv-00118-DRH (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Wexford Health Care Servs.*, No. 18-cv-00119-MJR (S.D. Ill. Jan. 22, 2018); *Mitchell v. Foster*, No. 18-cv-00120-MJR (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Pace*, No. 18-cv-00122-MJR (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Baldwin*, No. 18-cv-00123-SMY (S.D. Ill. filed Jan. 22, 2018); *Mitchell v. Watson*, No. 18-cv-00136-SMY (S.D. Ill. Jan. 25, 2018); and *Mitchell v. Jackson-Pearson*, No. 18-cv-00158-SMY-DGW (S.D. Ill. Feb. 1, 2018).

[5] These cases include *Mitchell v. Foster*, No. 16-cv-00097-MJR-SCW (S.D. Ill. filed Jan. 27, 2016); *Mitchell v. Foster*, No. 16-cv-00238-SMY-RJD (S.D. Ill. filed Mar. 7, 2016); *Mitchell v Baldwin*, No. 16-cv-00278-NJR (S.D. Ill. filed March 16, 2016); *Mitchell v. Pace*, No. 16-cv-00485-SMY-RJD (S.D. Ill. filed May 2, 2016); *Mitchell v. Heberer*, No. 16-cv-00487-MJR-SCW (S.D. Ill. May 2, 2016); *Mitchell v. Afuwape*, No. 16-cv-00484-SMY-RJD (S.D. Ill. filed May 2, 2016); *Mitchell v. Lupert*, No. 16-cv-00486 (S.D. Ill. filed May 2, 2016); *Mitchell v. Dennison*, No. 16-cv-01189-MJR (S.D. Ill. filed Oct. 27, 2016); *Mitchell v. Dennison*, No. 17-cv-00479-MJR (S.D. Ill. filed April 24, 2017).

[6] Plaintiff still owes the following amounts in each of these cases: *Mitchell v. Foster*, No. 16-cv-00097-MJR-SCW ($350.00); *Mitchell v. Foster*, No. 16-cv-00238-SMY-RJD ($350.00); *Mitchell v Baldwin*, No. 16-cv-00278-NJR ($348.00); *Mitchell v. Afuwape*, No. 16-cv-00484-SMY-RJD ($348.00); *Mitchell v. Pace*, No. 16-cv-00485-SMY-RJD ($346.92); *Mitchell v. Lupert*, No. 16-cv-

Plaintiff nonetheless filed nine new cases in this District between January 19, 2018, and February 1, 2018. *All* of these cases were filed *after* Plaintiff accumulated three "strikes." He has failed to satisfy § 1915(g) in this particular case, resulting in an additional $400.00 filing fee. Unless he can pay the $400.00 filing fee for this action in full by the deadline listed in the below disposition, this case will be dismissed.

If Plaintiff fails to comply with this payment order in the time allotted by the Court, this case will be dismissed. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994). Additionally, the Court shall order payments to be deducted from Plaintiff's prisoner trust account in accordance with § 1915(b) until the $400.00 fee is paid in full.

In addition, Plaintiff shall be ordered to show cause why he should not be restricted from filing any new actions in this Court until such time as Plaintiff pays the $400.00 for this action, the outstanding $3,188.92 he now owes for the cases he filed in this District in 2016-17, and any additional fees owed in connection with the cases he most recently filed in this District in 2018.[7]

## **Disposition**

---

00486 ($348.00); *Mitchell v. Heberer*, No. 16-cv-00487-MJR-SCW ($348.00); *Mitchell v. Dennison*, No. 16-cv-01189-MJR ($350.00); *Mitchell v. Dennison*, No. 17-cv-00479-MJR ($400.00).

[7] Plaintiff currently owes additional $400.00 filing fees for three recent cases: *Mitchell v. Dennison*, No. 18-cv-118-DRH (S.D. Ill.) (Doc. 6); *Mitchell v. Wexford*, No. 18-cv-119-MJR (S.D. Ill.) (Doc. 8); and *Mitchell v. Baldwin*, No. 18-cv-123-SMY (S.D. Ill.) (Doc. 7). This additional $1,200.00 amount is subject to increase, however, once Plaintiff's IFP Motions in his other 2018 cases are decided.

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Leave to Proceed *in forma pauperis* (Doc. 2) is **DENIED**. *See* 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that Plaintiff shall pay the full filing fee of $400.00 for this action within **twenty-eight (28) days** of the date of entry of this Order (on or before **April 5, 2018**). If Plaintiff fails to comply with this Order in the time allotted by the Court, this case will be dismissed for failure to comply with a court order and/or for failure to prosecute this action. *See* FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1051, 1056-57 (7th Cir. 1997); *Johnson v. Kamminga*, 34 F.3d 466, 468 (7th Cir. 1994).

In addition, Plaintiff is hereby **ORDERED TO SHOW CAUSE** by the same deadline (on or before **April 5, 2018**) why this Court should not restrict him from filing any further actions in this Court until such time as Plaintiff pays the $400.00 filing fee for this action, the outstanding $3,188.92 owed for the lawsuits he filed in this District in 2016-17, plus any additional fees owed in connection with the cases he has filed in this District in 2018 (an additional $1,200.00 to date). *See Newlin v. Helman*, 123 F.3d 429, 437 (7th Cir. 1997) (citing *Support Sys. Int'l, Inc. v. Mack*, 45 F.3d 185 (7th Cir. 1995)) ("A prisoner who becomes ineligible under § 1915(g) to continue litigating *in forma pauperis*, and who then files additional suits or appeals yet does not pay the necessary fees, loses the ability to file future civil suits."), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000); *Sloan v. Lesza*, 181 F.3d 857, 859 (7th Cir. 1999) ("[U]npaid docket fees incurred by litigants subject to § 1915(g) lead

straight to an order forbidding further litigation."). Filing bans are not perpetual in nature, and exceptions are generally made for criminal cases, petitions for writs of habeas corpus, and for currently pending appeals. *Isby-Israel v. Lemmon*, 674 F. App'x 569, 570 (7th Cir. 2017).

Tender by Plaintiff of the full **$3,188.92** in fees to the Clerk of the Court within twenty-eight (28) days from the date of entry of this Order (on or before **April 5, 2018**) shall be deemed by the Court to discharge Plaintiff's duty to show cause under this order. Further, unless full payment of Plaintiff's outstanding fees is received by this deadline, the instant case shall be dismissed with prejudice.

The Court will not screen the Complaint pursuant to 28 U.S.C. § 1915A until Plaintiff complies with this Order, including the Order to Show Cause.

Finally, Plaintiff is **ADVISED** that he is under a continuing obligation to keep the Clerk of Court and each opposing party informed of any change in his address; the Court will not independently investigate his whereabouts. This shall be done in writing and not later than **7 days** after a transfer or other change in address occurs. Failure to comply with this order will cause a delay in the transmission of court documents and may result in dismissal of this action for want of prosecution. See FED. R. CIV. P. 41(b).

**IT IS SO ORDERED.**

Judge Herndon
2018.03.08
18:46:06 -06'00'

United States District Judge